Filed 2/26/21  P. v. Mora CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B304887 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A886806) |
| v. | |
| RAMON GOMEZ MORA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Juan Carlos Dominguez, Judge.  Affirmed.

Douglas Jalaie for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Rama R. Maline, Deputy Attorney General, for Plaintiff and Respondent.

————————————

Ramon Gomez Mora pleaded guilty to a drug offense in 1992.  Almost 30 years later, he moved to vacate his conviction, arguing he would not have pleaded guilty had he known the immigration consequences of his plea.  The trial court denied Mora's motion.  We affirm.  Undesignated statutory citations are to the Penal Code.

I

Mora has given us a slim record.  We have no documentation from the underlying criminal proceedings other than some largely illegible minute orders and abstracts of judgment.  We separately obtained Mora's largely illegible guilty plea from the Los Angeles Superior Court; inexplicably, this document was missing from the Clerk's Transcript.

We recount facts we can decipher from the meager record Mora has supplied.

On November 23, 1992, Mora pleaded guilty to a single count for violation of Health and Safety Code section 11350, subdivision (a).  The abstract of judgment says "poss cocaine" next to this count.  We have no transcript or other description of the plea hearing.  The court sentenced Mora to 90 days in jail plus three years of probation.  Mora had 49 days of custody credits at the time.

About a year later, in 1993, Mora apparently violated probation and was ordered to serve a low term of 16 months in prison.

On October 28, 2019, nearing three decades after his conviction, Mora filed a motion to vacate the conviction under section 1473.7.  This appeal concerns that motion.

Mora's motion argued his trial counsel never addressed immigration consequences with him and Mora did not

2

meaningfully understand the immigration consequences of his plea. The motion maintained he would have rejected the plea bargain had he known the consequences. Mora argued his trial counsel rendered ineffective assistance by failing to counsel him about possible immigration consequences and by failing to pursue dispositions offering more promising immigration outcomes.

Mora included his declaration with the motion. This declaration is brief: one and one quarter pages. Mora declares he was born in Mexico in 1949, entered the United States in 1971 with a valid visa, and has lived here ever since. He married in 1976. He became a lawful permanent resident in 1992. At some point (the declaration does not say when), he had three children; two are U.S. citizens, and the third is a lawful permanent resident. Mora declared he is almost 70 and is in poor health after suffering a heart attack. He has not been convicted of any crime for the past 25 years. He is retired now but was employed "at the time of the incident."

Regarding his 1992 plea, Mora declared as follows:

"On the date I pled guilty, I was never explained by my defense attorney Bernard St. John that pleading guilty to this type of violation would make me deportable or that I would have any negative immigration consequences. I was aware that I was being sentenced 90 days in County Jail and three years of probation. [¶] I learned about the consequences of my 1992 conviction for the first time in 2012 and filed a Motion to Vacate under Penal Code Section 1016.5. [¶] I would have never taken the plea had I known it entailed immigration consequences. . . . [¶] I certainly would not have pled to these charges had I known the consequences."

3

Mher Cholakhyan was Mora's attorney for this motion. Cholakhyan declared he unsuccessfully tried to locate Mora's plea-stage attorney. Cholakhyan avers this attorney had a duty to review the immigration consequences resulting from pleading guilty and to discuss these consequences with Mora. Cholakhyan's declaration argues the earlier attorney could have taken steps to reduce deportation risks by avoiding a controlled substance conviction; by pursuing "safer" pleas like driving under the influence, trespass, and theft; by pursuing pretrial diversion; and by avoiding any mention of "cocaine" in the record of conviction. Cholakhyan declared his client is deportable as a result of the conviction.

A deputy district attorney orally opposed Mora's motion at the hearing. This prosecutor represented this was Mora's third attempt to withdraw his plea in the past decade. Mora's earlier efforts are not in our record.

The deputy district attorney then stated facts about the underlying crime scene, apparently from a police report to which he had access. This report is not in our record. The factual representation was that police found Mora and another person in a motel room along with a bindle of cocaine of an unspecified weight, a scale, about $540 cash, and bullets that matched a gun found outside the room. Mora apparently entered his guilty plea before a preliminary hearing.

Mora has not disputed these facts, either before the trial court or on appeal. We thus treat these facts as stipulated.

Mora was present at the hearing, but neither side called witnesses.

The trial court said the alternative pleas Mora's counsel suggested were unrealistic: "[Y]ou said, well, he should have

tried avoiding controlled substance conviction, meaning, he, the attorney, by DUI, trespass, and even a theft. That's not realistic. That's totally an unrealistic expectation that any district attorney—a theft? I wouldn't—as a judge, I wouldn't accept a theft deal on a possession for sale in a motel room with $540 in cash. We're talking 1992 with a gun. It's not gonna happen. Right?"

The trial court rejected as incredible Mora's claim he would have refused the plea deal had he known the immigration consequences. This claim came almost 30 years after the plea, and the court noted "everyone" says they would have fought deportation consequences. Mora made his plea in the 1990s, "where people were getting pretty heavy sentences for narcotics." The plea deal was essentially for time served, and Mora was avoiding a preliminary hearing and a potential gun charge, which was no small matter.

Mora appeals this denial of his motion.

II

Courts do not agree on the standard of review for evaluating a section 1473.7 ruling where, as here, there was no oral testimony at the hearing. (See, e.g., *People v. Vivar* (2019) 43 Cal.App.5th 216, 224, review granted Mar. 25, 2020, S260270 (*Vivar*) [denial of section 1473.7 motion asserting statutory error reviewed for abuse of discretion]; *People v. Olvera* (2018) 24 Cal.App.5th 1112, 1116 [employing less deferential mixed question of law and fact standard]; *People v. Ogunmowo* (2018) 23 Cal.App.5th 67, 79 [independent review proper where the record consists solely of written declarations].) We do not enter this fray because, under any standard of review, we would affirm the trial court's denial of Mora's motion.

Mora had the burden of establishing his entitlement to relief by a preponderance of the evidence. (§ 1473.7, subd. (e)(1).) He failed to carry this burden.

Mora's plea deal was very attractive: time served, in a situation where Mora faced far more serious charges because of the ammunition and gun at the arrest scene. The alternative deals that Mora's counsel suggested as possibilities were extremely unlikely.

Mora has offered no evidence about proof problems afflicting the prosecution's case. In other words, there is no reason to believe Mora stood a chance of acquittal had he gone to trial. Therefore a plea agreement was Mora's only hope for leniency. Had he insisted on trial, he would have suffered a longer sentence *and* the adverse immigration consequences he now decries.

In sum, the trial court thoughtfully gauged Mora's bargaining position during his plea negotiations, found it insubstantial, and dismissed Mora's convenient and self-serving assertions in his declaration as illogical and unbelievable. After examining Mora's brief declaration and our scanty record, we independently draw the same conclusions.

"As a general matter, it makes sense that a defendant who has no realistic defense to a charge supported by sufficient evidence will be unable to carry his burden of showing prejudice from accepting a guilty plea." (*Lee v. United States* (2017) __ U.S. __, __ [137 S.Ct. 1958, 1966] (*Lee*).)

There can be exceptions in exceptional situations, as would be the case where a prosecutor offered an 18-year sentence and trial could mean at most a 20-year sentence. (*Lee, supra*, 137 S.Ct. at pp. 1966–1967.)

Another exceptional example comes from the facts of the *Lee* case itself. Lee lived in the United States for nearly three decades, established two businesses in Tennessee, and was the only family member in the United States who could care for his elderly parents—both naturalized American citizens. Lee proved he had never returned to his home country. Moreover, Lee's plea-stage counsel testified deportation was the determinative issue in Lee's decision to take the plea deal. Lee stated in his plea colloquy that possible deportation would affect his decision about whether to plead guilty. (*Lee*, *supra*, 137 S.Ct. at pp. 1963, 1967–1968.) Evidence beyond Lee's self-serving declaration corroborated his claim that immigration consequences predominated at the time of his plea.

Mora offers no facts detailing an exceptional situation. He gives us no basis for second guessing the trial court's reasonable evaluation. We similarly reject Mora's attack.

We do not address Mora's claim of ineffective assistance of counsel because his motion fails to show prejudice, which ends the matter.

### III

Mora argues the trial court's decision must be reversed because the court was biased against him, or at least the court made clear it had predetermined to deny the motion. The People respond that Mora forfeited this claim by not raising it until this appeal. The People also argue there is no evidence of bias.

This claim has no merit.

Our high court has emphasized that only the most extreme facts justify judicial disqualification based on the due process clause. (See *People v. Peoples* (2016) 62 Cal.4th 718, 787–788.)

7

Far from presenting extreme facts, this case involves no hint of bias. Mora attacks the judge's comment at the section 1473.7 hearing that "everyone" says they would have fought to avoid deportation consequences. The trial court's full statement is as follows:

"Here's the problem. This is 1992. Right? So we're talking almost 30 years. Yeah? Now, you know, everyone says, yeah, if I would have done—if I had deportation consequences, I would have fought it. It's quite different to say it 30 years later as opposed to saying it at that time.

"I know he was in custody. He got credit for 49 days actual, and I think 33 good time/work time. So he'd been in jail almost two months. So he had time served. And I am surprised the gun was never charged."

This is not bias.

In proceedings under section 1473.7, subdivision (a)(1), literally everyone says they would have rejected a plea that entails adverse immigration consequences. The statute requires this. (See § 1473.7, subds. (a)(1) & (e)(1).)

In addition, the court was required to consider the credibility of Mora's post hoc statements regarding his willingness to abandon his plea. (*Vivar*, *supra*, 43 Cal.App.5th at p. 229, review granted.)

The comment Mora attacks was part of this required credibility determination. The court was noting that saying you would not have pleaded guilty 30 years after the fact, as Mora did here, is different—is less credible—than making this statement close in time to the plea.

The trial court's comment does not show the court had prejudged Mora to be untrustworthy or was biased against him.

## DISPOSITION

We affirm the order denying Mora's motion to vacate his conviction.

WILEY, J.

We concur:

BIGELOW, P. J.

GRIMES, J.